1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN  THE  UNITED  STATES  DISTRICT  COURT

FOR  THE  WESTERN  DISTRICT  OF  WASHINGTON

SEATTLE   DIVISION

| | |
|---|---|
| JED W. WHITLEY and DEBORAH K. WHITLEY, both individually and upon behalf of their community property marital estate, <br><br> Plaintiffs, <br><br> vs. <br><br> THE RITCHIE GROUP, a Washington business; THE SPINNELL GROUP, a Washington business; JOHN G. RITCHIE, both individually and upon behalf of the community property marital estate; GARY J.  KROHN, both individually and upon behalf of the community property marital estate; GARY J.  KROHN, Attorney at Law, TOWN  OR COUNTRY REAL ESTATE, INC., a Washington corporation; TI FOLTZ,  both individually and upon behalf of the community property marital estate; <br><br><br> Defendants. | Civil No.: <br><br> ***COMPLAINT***: <br><br> RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 United States Code §§ 1961, et.seq.] ***RE:*** RICO § 1962© – §1962(d); ***RE:*** RICO § 1962© SUBSTANTIVE LIABILITY; RICO AIDING and ABETTING LIABILITY; RICO 1962© ***RESPONDEAT SUPERIOR*** LIABILITY; RICO § 1962(d) CONSPIRACY LIABILITY; RICO § 1962(d) CONSPIRACY TO AID and ABET; RICO AIDING and ABETTING RICO § 1962(d) CONSPIRACY; and, RICO § 1962(d) CONSPIRACY ***RE:*** MEDIATE CAUSATION LIABILITY ***PINKERTON  v.  UNITED STATES***, 328 U.S. 640 (1946). <br><br> ***JURY TRIAL DEMANDED*** |

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.]

Plaintiffs Jed W. Whitley and  Deborah K. Whitley, both individually and upon  behalf of their community property marital estate, allege and complain against defendants The  Ritchie  Group  aka  The  Ritchie  Group  (TIC),  a  Washington unincorporated  business,  The  Spinnell  Group  aka  The  Spinnell  Group  (TIC),  a Washington  unincorporated  business,  John G.  Ritchie,  both  individually and upon behalf of the community property marital estate, Gary J.  Krohn, both individually and upon behalf of the community property marital estate, Gary J.  Krohn, Attorney at  Law, Town  or  Country Real Estate, Inc., a Washington corporation, and Ti Foltz, both individually  and  upon  behalf  of   the  community  property  marital  estate,  for contravention of the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §§ 1961, et.seq.].

### I.

### Competent Federal Subject Matter Jurisdictional and Venue Allegations

1.   Competent federal subject matter jurisdiction and federal venue exists, in whole and/or in part, pursuant to the following federal statutes:

A.   Section 1964(a) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §1964(a)].

B.   Section 1964(b) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §1964(b)].

C.   Section 1964© of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §1964©].

D.   Section 1965(a) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §1965(a)].

E.   Section 1965(b) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §1965(b)].

F.   Section 1965(d) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 United States Code §1965(d)].

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.]

2

G.      Federal Question Jurisdiction [Title 28 United States Code §1331].

## II.

### [RICO "Person" – Title 18 United States Code § 1961(3)]

2.      Plaintiffs allege that each and every one of the individuals and entities are, constitute, and comprise a "person," as statutorily defined identified within Title 18 United States Code § 1961(3):

*       Jed W. Whitley and Deborah K. Whitley, both individually and upon behalf of their community property marital estate

*       The Ritchie Group   aka The Ritchie Group (TIC), a Washington business

*       The Spinnell Group aka The Spinnell Group (TIC), a Washington business

*       The Ritchie Group (TIC), a Washington unincorporated business association

*       The Spinnell Group (TIC), a Washington unincorporated business association

*       John G. Ritchie, aka John Ritchie, both individually and upon behalf of the community property marital estate

*       Gary J. Krohn, both individually and upon behalf of the community property marital estate

*       Gary J. Krohn, Attorney at Law

*       Town or Country Real Estate, Inc.,  a Washington corporation

*       Ti Foltz, both individually and upon behalf of the community property marital estate,

and are each engaged in activities and conduct that affect federal interstate and/or foreign commerce, that each hold legal, equitable, and/or beneficial interests in property, and each is a "person."

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.]

3.     Plaintiffs allege that each and every RICO "person" specifically identified herein and named as a RICO defendant is liable as a principal pursuant to 18 U.S.C. §§ 2(a)-(b), and that each and every RICO person is liable as a RICO co-conspirator pursuant to 18 U.S.C. § 371 and 18 U.S.C. § 1962(d).

### III.

### RICO EVIDENTIARY FACTUAL ALLEGATIONS

4.     Plaintiffs allege that during all times material herein The Richie Group (TIC) and The Spinnell Group (TIC)  business affairs  were, are, and continue to be, owned, managed, controlled, operated, and administered by John G.  Ritchie, aka John Ritchie, collectively referred to at times hereinafter as The Ritchie Defendants. Plaintiffs allege that The Ritchie Defendants are engaged in the business  of hard money lending practices throughout the state of  Washington, and nationwide, lending money to persons for purposes,  *inter   alia*, of acquiring, buying, and purchasing interests in real property.  Plaintiffs allege that during all times material herein The Ritchie Group (TIC)  and  The Spinnell Group (TIC) are unincorporated alter  ego businesses, both allegedly operating as tenancy in common ["TIC"], owned, managed, operated, controlled, and administered by John G.  Ritchie, and employed interchangeably when convenient to facilitate and further advancing and promoting the monetary and property interests of John G.  Ritchie. Plaintiffs allege that Ritchie similarly acted upon behalf of the community property marital estate, and therefore liability attaches thereto.

5.     Plaintiffs allege that on or about October 2013,  plaintiffs, via federal mails and/or federal wires, contacted John G.  Ritchie, the authorized responsible representative and agent acting upon behalf of The Ritchie Group (TIC)  and The Spinnell Group (TIC), relative to obtaining a $75,000.00, loan [AFN 201310170222], *Exhibit A*, for the express purpose of repairing and improving  plaintiff's  personal residential real property situated at 2325 Taylor Drive, Everett, Washington ["Taylor

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.]

Drive Property"].  Plaintiffs had previously obtained a $60,000.00, business loan which was secured by a Deed of Trust on the Taylor Drive Property from Ritchie and The Spinnell Group (TIC) and recorded with the Snohomish County Auditor [AFN 200703300120], ***Exhibit B***.  Plaintiffs subsequently  obtained another  $20,000.00, personal loan  in 2009, from Ritchie and The Spinnell Group (TIC), also secured by the Taylor Drive Property, evidenced by a recorded loan modification instrument. [AFN 200906050781], ***Exhibit C***. The recorded modification is signed by John G. Ritchie as "Nominee" for The Spinnell Group (TIC).  The purpose of obtaining the $20,000.00, loan was to pay the outstanding arrearage of real property taxes due on the Taylor Drive Property.

6.    Plaintiffs allege that on or about October, 2013, Ritchie, acting upon behalf of The Ritchie Defendants, via federal mails and federal wires, both recorded a Short Form Deed of  Trust in the amount of  $75,000.00, and recorded a Second Deed of Trust [AFN 201310170223]**, *Exhibit D***,  in the amount of $350,000.00, both documents being recorded with the Snohomish County Auditor, and both recorded against the  the Stanwood Property, situated at 8701 Lakewood Drive, Stanwood, Washington ["Stanwood Property"] said property being the primary residence of Plaintiff Deborah K. Whitley then and at all times since.  Ritchie recorded both deeds of trust in immediate contemporaneous succession both evidencing and reflecting consecutively numbered recorded instruments and time stamped by the Snohomish County Auditor in the same minute. The Ritchie Group (TIC) was designated beneficiary of the $75,000.00, Short Form Deed of Trust [AFN 201310170222] and The Spinnell Group (TIC) was designated beneficiary of the $350,000.00,  Second Deed of Trust [AFN 201310170223].  Plaintiffs applied for and received $75,000.00, in 2013, from John Ritchie  for purposes of remodeling the Taylor Drive Property residence which was and continues to be the primary residence of Jed W. Whitley. A third document was recorded simultaneously with the two Deeds of Trust (***Exhibits***

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.]

*A and D*) which was an Assignment of Deed of Trust [AFN 201310170224], *Exhibit E*. Said Assignment of Deed of Trust transferred the beneficial interest on the Taylor Drive Property (secured by the $60,000 Deed of Trust [AFN 200703300120] from Spinnell Group (TIC) to John G. Ritchie, and the Assignment was signed by John G. Ritchie as Nominee for Spinnell Group (TIC). Deborah K. Whitley resides, and continues to reside, at the Stanwood Property, due to the remodeling of the Taylor drive Property, and has continuously resided therein, since October, 2013. Jed W. Whitley resides, and continues to reside, at the Taylor Drive Property. Three [3] of the recorded documents (*Exhibits C, D, and E*) show the return address as John G. Ritchie 10764 Sand Point Way NE Seattle, WA 98125. The first two [2] documents (*Exhibits A and B*) show the return address to be identical except for the name which is Ritchie Group (TIC) and Spinnell Group (TIC)..

Plaintiffs allege that at no time material herein did plaintiffs receive a loan in the amount of $350,000.00, from Ritchie, The Ritchie Group (TIC), The Spinnell Group (TIC), or any other entity owned, managed, controlled, or administered by Ritchie. Plaintiffs allege that at no time material herein did plaintiffs apply for any $350,000.00, purported loan from Ritchie, The Ritchie Group (TIC), The Spinnell Group (TIC), or any other business interest or business entity owned, managed, controlled, or administered by Ritchie. Plaintiffs allege furthermore that at no time did plaintiffs know of, were informed of, or were advised of the afore referenced recorded, fabricated, and contrived deed of trust for $350,000.00, by Ritchie, Krohn, and the Ritchie Defendants, and that independent instruments were ever generated, prepared, or submitted by Ritchie, and/or the Ritchie Defendants to allegedly or purportedly reveal or establish any promissory note, note, or mortgage purportedly referenced by said recorded contrived and fabricated $350,000.00, deed of trust.

7.     Plaintiffs furthermore allege herein that said surreptiously filed and recorded $350,000.00, deed of trust constitutes both a cloud on title and a slander of

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.]

title upon plaintiffs' interests in the Stanwood Property, thereby proximately causing injury and damage to plaintiffs' interest in business or property. Plaintiffs allege that the contrived and fabricated $350,000.00, deed of trust, surreptitiously recorded upon the Stanwood Property, constitutes violation of R.C.W. 40.16.030, and therefore constitutes a nullity as a matter of law and is void of independent legal significance.

8. Plaintiffs allege that the Ritchie Defendants clandestinely, surreptiously and intentionally contrived and fabricated the Stanwood Property deed of trust by materially misrepresenting that the plaintiffs allegedly owed $350,000.00, and materially and affirmatively concealed this material misrepresentation from plaintiffs.

9. Plaintiffs allege that during all times herein that plaintiffs were without knowledge and were not aware, had no reason to suspect, know, question, or inquire about of the alleged $350,000.00, deed of trust generated by Ritchie and the Ritchie Defendants.

10. Plaintiffs allege that beginning on or about March, 2016, and continuing up through and including July, 2016, Gary J. Krohn, acting as both attorney for Ritchie and the Ritchie Defendants, and simultaneously acting as trustee/successor trustee under the deeds of trust on the Stanwood Property [AFN 201310170223],(*Exhibit D*), and purportedly on the Taylor Drive Property, via federal mails and federal wires, transmitted and disseminated both payment demand letters and the notice of default, and later, the notice of trustee's sale, to plaintiffs. Plaintiffs allege that inasmuch as The Ritchie Group did not hold any beneficial, legal, or equitable interests in the fabricated $350,000.00, Deed of Trust, the resulting assignment of successor trustee [AFN 201604180346], (*Exhibit F*), and notice of trustee's sale [AFN 201604180349], (*Exhibit G*), are deficient and therefore void as a matter of law, (*Exhibit H*). Plaintiffs allege that Krohn similarly acted upon behalf of the community property marital estate, and therefore liability attaches thereto. In addition thereto, Plaintiffs allege that Krohn, did not post the Stanwood Property, nor

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.]

1   serve Deborah K. Whitley at her residence, nor mail to her the Notice of Default or

2   Notice of Trustee's sale as required by the Deed of Trust Act of Washington State

3   (RCW 61.24).

4       11.    Plaintiffs allege that, confronted with the imminent non-judicial

5   foreclosure sale date of the Stanwood Property scheduled for 22 July 2016, and after

6   several attempts to try to come to agreement with Defendant Ritchie regarding a

7   possible Short Sale on the Taylor Drive property, plaintiff Jed W. Whitley filed for

8   federal bankruptcy protection, on 21 July 2016, *In re: Jed W. Whitley*, U.S.B.C.

9   W.D. Wa., Case No.: 16-13787-MLB, thereby automatically staying the foreclosure

10  proceedings.

11      12.    Plaintiffs allege that subsequent to the filing of the federal bankruptcy

12  petition for relief, Plaintiff Jed W, Whitley engaged counsel to investigate the

13  background and activities of Ritchie.  That investigation resulted with plaintiffs

14  learning of Ritchie's prior criminal history of improperly and illegally rendering

15  financial advice and hard money lending practices while simultaneously serving as

16  a King County District  Court judge, including during instances in the very

17  courtroom, thereby adversely affecting both litigants and significantly undermining

18  the integrity and the impartiality of the judiciary branch. Plaintiffs also learned that

19  Ritchie was subject to a prior criminal investigation by the Washington State

20  Attorney Generals Office relative thereto, and subsequently removed from serving as

21  a King County District Court judge and not allowed to practice law as a result of that

22  investigation.  That investigation revealed the existence of multiple victims of

23  Ritchie's artifice and scheme, revealing the existence of multiple victims for purposes

24  of substantiating plaintiffs'  RICO § 1961(5) pattern of racketeering activity

25  allegations satisfying both the continuity and the relatedness requisites.

26      13.    Plaintiffs allege that Ritchie, by and through Krohn, filed a motion for

27  relief from stay (Dkt # 24), accompanied with false and materially misrepresentative

28

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
OF 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.]

1   declaration (Dkt # 26), supplemental declaration (Dkt # 27), and third declaration

2   (Dkt # 35) in support of, and in reply to the, response to Ritchie's motion for relief

3   from automatic stay with the federal bankruptcy court.  Dkt ## 25, 26, and 27 (filed

4   27 August 2016) and Dkt ## 34-35 (filed 26 September 2016).  Plaintiffs allege those

5   declarations  materially misrepresented the amount of the fabricated and contrived

6   deed of trust [AFN 201310170223] allegedly securing a non-existent, fictitious loan

7   of $350,000.00, and the amount of the equity of the Stanwood Property, which were

8   materially false, that the Stanwood Property was allegedly not occupied, and that

9   allegedly no utilities were installed.  Plaintiffs allege that the Ritchie declarations

10   materially misstated the equity as virtually non-existent and that no one occupied the

11   property, when in fact Plaintiff Deborah K. Whitley had continuously occupied that

12   property since October, 2013.  Plaintiffs allege that such representations were

13   materially false inasmuch as the $350,000.00, deed of trust was a fabrication, and not

14   an alleged  mere scrivener's error, as Ritchie represented to the federal bankruptcy

15   court through Ritchie's filed declarations, and such declarations constituted false

16   oaths .  Plaintiff Jed Whitley's filed  response and debtor's declaration filed in

17   support thereof showed and established that the equity in the Stanwood Property was

18   approximately $104,000.00, based upon information obtained from the Snohomish

19   County Assessor's Office.  (ECF Dkt ## 33, 33-3, filed 21 September 2016).

20        13A.  Plaintiffs allege that the filing of the motion for relief from stay and

21   accompanying declarations of Ritchie by Krohn and Ritchie constituted commission

22   of federal bankruptcy fraud, Title 18 United States Code §§ 151, 152, 157A,

23   inasmuch  as those filings were achieved by and through electronic court filing

24   ["ECF"] with the federal bankruptcy court at www.wawb.uscourts.gov.  Plaintiffs

25   allege that Krohn materially aided and abetted Ritchie's federal bankruptcy fraud by:

26   (1) Krohn knowing that the $350,000.00, deed of trust was a fabrication and intended

27   by Ritchie to be employed and used as a means to extort and coerce plaintiffs to pay

28

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
9    OF 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.]

that amount, or some amount, or suffer foreclosure; (2) Krohn's associating with the wrongful conduct of Ritchie as alleged and participated in the commission of the wrongful conduct to bring it to fruition; and (3) and sought by Krohn's actions to accomplish its success.  Plaintiffs allege that Krohn, acting both  as the attorney for Ritchie, The Ritchie Group (TIC), and The Spinnell Group (TIC), and acting as the successor trustee under the deeds of trust as alleged herein, consciously shared the required criminal intent of Krohn's principals.  Plaintiffs allege that the filing of the motion for relief from automatic stay, accompanied with the three [3] Ritchie supporting declarations, similarly constituted a form of extortion directed at plaintiffs to wrongfully obtain by fear the interest in plaintiffs' Stanwood Property, contravening 18 U.S.C. § 1951, and that Krohn  materially aided and abetted Ritchie's factually described extortionate and coercive  conduct and conspired with Ritchie to engage and commit the factually described  extortionate conduct.

14.    Plaintiffs allege that following the filing of the federal bankruptcy petition for relief, and without Whitley's  knowledge, authorization, acquiescence, awareness, or consent, Whitley's bankruptcy counsel, without first consulting or advising Whitley, stipulated with Krohn, to lift the automatic stay in order for the non-judicial foreclosure sale to proceed. Dkt # 40 (federal bankruptcy court order entered 16 October 2016). The federal bankruptcy court entered an order to that effect, and the  Stanwood Property was sold to Ritchie on a creditor's bid, for $35,000.00, on 4 November 2016, reflecting an amount of 10% of the fabricated and contrived recorded $350,000.00, deed of trust.  Plaintiff's bankruptcy counsel did not inform Whitley of this matter until after the Order was issued and the stay lifted. Plaintiff Jed W. Whitley promptly engaged successor counsel to represent plaintiff in plaintiff's federal bankruptcy case.

15.    Plaintiffs allege that on or about 16 January 2017, Ti Foltz, a real estate  agent employed by Town or Country, a local real estate company, entered upon

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.]

10

1  the Stanwood Property, and possessing a drawn, but concealed firearm, knocked on

2  the door of the trailer home occupied by Deborah K. Whitley.  Foltz told Mrs.

3  Whitley that she knew him and to open the door.  Plaintiff was inside with her 2 dogs

4  that were barking and told Foltz that she was going to let them out and that they may

5  bark but do not bite.   Upon opening the door, Foltz then produced the revolver

6  previously concealed, and brandished the firearm at both the two dogs and Plaintiff

7  as the dogs ran out the door. As Plaintiff called her dogs to retreat back into her

8  home, Foltz stated he was hired by Ritchie and the Ritchie Defendants to list the

9  property for sale he was there to look at the property and that Ritchie was the owner

10  of the property. Mrs. Whitley told him to leave and as Foltz retreated to his vehicle,

11  the dogs followed and Foltz continued to have his gun drawn and pointed at them.

12  Mrs. Whitley ran to get the dogs and retreated back into her trailer home.  Plaintiffs'

13  two dogs on the premises growled at Foltz, to which Foltz then produced the revolver

14  previously concealed, and brandished the firearm at both the two dogs and Mrs.

15  Whitley.  Plaintiffs allege that this exhibited conduct by Foltz, acting upon behalf of

16  Town or Country and Ritchie, was intended to convey a threat and a form of coercion

17  and extortion to plaintiffs that if plaintiffs did not vacate and surrender possession of

18  the property, adverse consequences would ensue.   Foltz' demonstrated conduct

19  constituted aggressive behaviour towards with Mrs. Whitley, intended to instill fear

20  and apprehension,  and Foltz left the premises without ever inspecting the property.

21          16.    Plaintiffs allege that shortly thereafter, on or about 22 January 2017,

22  Ritchie, represented by Krohn, caused to be delivered upon Mrs. Whitley a copy of

23  a summons and a complaint for ejectment and writ of restitution. Mrs. Whitley found

24  a copy of a summons and a complaint for ejectment and writ of restitution, later filed,

25  after demand to file was made, in Snohomish County Superior Court in the door of

26  her trailer residence.  Plaintiffs allege that the initiation of those proceedings

27  constitutes a form of coercion  and extortion intended to harm and injure plaintiffs'

28

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
OF 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.]

rights in their property interests in the Stanwood Property and to instill fear in the minds of plaintiffs.

17.     Plaintiffs allege that Foltz and Town or Country materially aided and abetted the extortionate and coercive conduct of Ritchie, the Ritchie Defendants, and Krohn as alleged herein above.

18.     Plaintiffs have sustained injuries to their interests in business and/or property by reason of contravention of RICO §§ 1962© and (d), according to offer of proof at time of trial.  Plaintiffs are entitled to an award of damages, trebled pursuant to RICO § 1964©, accompanied with an award of attorneys' fees, costs, and expenses.

*IV.*

*[RICO 18 U.S.C. § 1961(4) RICO" Enterprise]*

19.     Plaintiffs allege that RICO defendants, and other persons acting in concert with RICO defendants unknown to plaintiffs, were employed by and associated with others, and engaged in conduct constituting a RICO §1961(5) pattern of racketeering activity.  Plaintiffs further more allege that said RICO defendants were knowledgeable and aware of the criminal activities those RICO defendants and others acting in concert therewith were engaged therein through the RICO enterprises identified herein.

20.     Plaintiffs allege that each of the following configurations listed herein below,  for   purposes of plaintiffs' RICO § 1962© primary and substantive relief claim, constitute a RICO § 1961(4) 'enterprise' as that term is defined pursuant to 18 U.S.C.  § 1961(4), and within the strictures of  *Boyle v. United States*, 129 S. Ct.

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.]

2237 (2009) and ***Odom v. Microsoft Corp***., 486 F.3d 541 (9th Cir. 2007)(en banc).

21.     Plaintiffs allege, that in conducting the business and affairs of the RICO § 1961(4) enterprises specifically identified for purposes of plaintiffs' substantive RICO § 1962© claim for relief, ***First Claim For Relief***, committing the acts, omissions, commissions, conduct, misrepresentations, and breaches referred to herein between 2016, and continuing up through and including the initiation of these proceedings, RICO defendants engaged in a RICO § 1961(5) pattern of racketeering activity in contravention of RICO § 1962© inasmuch as said RICO defendants, and RICO persons unknown to plaintiffs were employed by and/or associated with said RICO § 1961(4) enterprises that were engaged in activities that affect federal interstate and/or foreign commerce, and conducted such RICO § 1961(4) enterprises' affairs by and a RICO pattern of racketeering activity:

¶     ***RICO Enterprise No.: # 1***: [RICO § 1962©]: Plaintiffs allege that The Ritchie Group (TIC), The Spinnell Group (TIC), John G. Ritchie, and Gary J. Krohn, Attorney at Law, constitute a RICO association-in-fact enterprise. The Ritchie Group, (TIC),The Spinnell Group (TIC), and John G. Ritchie are engaged in providing hard money loans to individuals, for purposes other than business loans, and the members of the RICO association-in-fact enterprise then acquire secured deeds of trust upon the residences of the borrowers. Plaintiffs allege that these particular members of the RICO association-in-fact enterprise routinely, misrepresent the hard money loans. Plaintiffs allege that these particular members of RICO association-in-fact enterprise knowingly, wrongfully, and feloniously record fabricated deeds of trust with the county Auditor's office. Plaintiffs allege that the purpose and intent of generating and recording fabricated deeds of trust is to cloud the title upon real properties, to slander the title of real properties, and to employ and

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.]

13

1    exercise as leverage to coerce and/or extort their victims.

2

3    ¶ *RICO Enterprise No.: # 2*: [RICO § 1962©]: Plaintiffs allege that Gary J.

4    Krohn, attorney at law, serves, functions, and is the attorney and legal representative

5    acting upon behalf of the interests of The Ritchie Group (TIC), The Spinnell Group

6    (TIC), and John G. Ritchie while simultaneously serving as the designated trustee

7    and/or successor trustee under the fabricated deeds of trust.  Plaintiffs allege that

8    Krohn, acting at the instruction and directive of The Ritchie Group (TIC), The

9    Spinnell Group (TIC), and John G. Ritchie, initiate non-judicial foreclosure

10   proceedings upon the victims of the RICO association-in-fact enterprise, with the

11   knowledge that the deeds of trust are in fact false and fraudulent.  Plaintiffs allege

12   that Krohn's activities and conduct in connection with initiating and prosecuting the

13   non-judicial foreclosure proceedings constitutes coercion and/or extortion.  Plaintiffs

14   allege that Krohn knew, and had reason to know, that the contents of the contrived

15   and fabricated deed of trust were false and fraudulent, and that the motivating factor

16   animating these foreclosure proceedings corroborated and substantiated the intent

17   of The Ritchie Group (TIC), The Spinnell Group (TIC), and John G. Ritchie, to

18   acquire those interests in real property by fraud and by extortion and/or coercion.

19   Plaintiffs allege that the alleged conduct of Town or Country and Foltz

20   materially aided and abetted the efforts of The Ritchie Defendants and Krohn to

21   coerce, threaten, force, compel, and use fear to cause plaintiffs to vacate and

22   surrender the Stanwood Property, by and through extortion, as alleged herein.

23   ///

24   ///

25   ///

26   ///

27   ///

28

14   COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
     OF 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.]

1

*V.*

2

*MULTIPLE CLAIMS FOR RELIEF*

3

*FIRST CLAIM FOR RELIEF*

4

*[For Commission of Primary and Substantive Contravention of RICO § 1962©*

5

*of the Racketeer Influenced and Corrupt Organization Act of 1970*

6

*["RICO"][Title 18 United States Code § 1962©]*

7

[Against All Defendants]

8      22.    For Plaintiffs' First Claim for Relief, plaintiffs reallege and incorporates

9   Paragraphs 1 through 21, and each and every claim for relief under the federal

10  Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"]Title 18

11  U.S.C. §§ 1961, et.seq.].

12                 *[RICO 18 U.S.C. §§ 1961(1)(B) and (D)Racketeering Activity]*

13                      Federal Aiding and Abetting: Title 18 U.S.C. § 2(a)

14                      Federal Aiding and Abetting: Title 18 U.S.C. § 2(b)

15              Federal Bankruptcy Fraud: Title 18 U.S.C. §§ 151, 152, 157A

16                      Federal Mail Fraud:  Title 18 U.S.C. § 1341

17                      Federal Wire Fraud:  Title 18 U.S.C. § 1343

18                      Federal Extortion: Title 18 U.S.C. § 1951

19      23.    Plaintiffs allege that RICO defendants engaged in the aforementioned

20  feloniously criminal   activities, with the intent to harm plaintiffs' interests in

21  plaintiffs' business and/or property.  Plaintiffs allege that the these activities engaged

22  in by said defendants injured plaintiffs' business and/or property interests in

23  connection with their business activities that affect federal interstate and/or foreign

24  commerce, resulting in loss of plaintiffs' property interests, business opportunities,

25  and monies.

26      24.    Plaintiffs allege that the afore described activities constitute conduct

27  engaged in by defendants to deprive plaintiffs of their interests in business and/or

28

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
OF 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.]

property, committed by and through commission of federal aiding and abetting, federal bankruptcy fraud, federal mail fraud, federal wire fraud, and federal extortion, and are therefore indictable as 'racketeering activity," as that term is defined pursuant to 18 U. S.C. §§ 1961(1)(B) and (D).  Plaintiffs further allege that the commission of defendants' "racketeering activity" included aiding and abetting "racketeering activity" and conspiracy to aid and abet "racketeering activity."

### *[RICO 18 U.S.C. §1961(5) Pattern of Racketeering Activity]*

25.   Plaintiffs allege that the  course of conduct engaged in by said RICO defendants constitutes both continuity and relatedness of the racketeering activity, thereby constituting a 'pattern of racketeering activity,' as that term is defined pursuant to Title 18 United States Code §§ 1961(5).  Plaintiffs allege that the continuity of the pattern of racketeering activity is both closed -ended inasmuch as a series of related predicate offenses extend over a substantial period of time, and open-ended inasmuch as the racketeering activities themselves include a specific threat of repetition extending indefinitely into the future and/or that the predicate offenses comprise and constitute constituent elements of a part of an ongoing entity's and/or person's regular way of conducting and/or doing business.

25A.  Plaintiffs allege that The Ritchie Defendants have consistently and continuously engaged in a course of conduct and a pattern of practice of filing and recording false, fraudulent, and contrived deeds of trust upon real properties situated within the state of Washington, most notably within the counties of Snohomish and King, without basis in fact and/or basis in law, for purposes of extorting and coercing the real property owner victims to either pay The Ritchie Defendants monies otherwise  not obligated or face foreclosure proceedings.   Plaintiffs furthermore allege that this form of activity constitutes a regular form of business practice prosecuted by these defendants.

Plaintiffs allege that The Ritchie Defendants engaged in this form of

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.]

extortionate and coercive conduct as exemplified in the following instances wherein real property owner victims' interests were foreclosed upon and sold at trustee's sale:

♦    Deed of Trust dated 7 October 1997, grantor Richard B. Frey, grantee Louis Group (TIC) c/o John G. Ritchie, real property situated within Snohomish County, allegedly securing obligation of $105,000.00;

♦    Deed of Trust dated 17 March 1997, grantor Richard B. Frey, grantee Ian Group (TIC) c/o John G. Ritchie, real property situated within Snohomish County, allegedly securing obligation of $208,000.00; real property sold at trustee's sale, 8 December 2000;

♦    Short Form Deed of  Trust dated 17 May 2000, grantor Thomas S. Wages Enterprises, Inc., [Parcels A & B], and Thomas S. Wages and Nina D. Wages [Parcel D], beneficiary The Ritchie Group, LLC, (no official record confirming existence of Washington limited liability company or d.b.a. registration), allegedly securing obligation of $210,000.00, real property situated within Snohomish County;

♦    Deed of  Trust  dated 3 July 2002, grantor Thomas S. Wages Enterprises, Inc., [Parcels A & C], and Thomas S. Wages and Nina D. Wages [Parcel BD], grantee Thomas Group (TIC), and beneficiary Thomas Group (TIC), allegedly securing obligation of $230,000.00, real property situated within Snohomish County; real property sold at trustee's sale,  14 November 2014;

♦    Deed  of  Trust dated 28 January 2002, grantor James J. Rosenberger and Joan D. Rosenberger, grantee MacKay Group (TIC), allegedly securing  obligation of $20,000.00, real property situated within King County; real property sold at trustee's sale, 27 February 2009;

♦    Deed of Trust dated 22 April 2004, grantor Craig D. Dieffenbach, grantee/beneficiary Ritchie Associates (TIC), allegedly securing

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.]

obligation of $38,000.00, real property situated within Snohomish County; real property sold at trustee's sale, 19 August 2005; and

♦ Deed of Trust dated 6 August 2008, grantor John L. Dahlquist IV, beneficiary Ritchie Group (TIC), allegedly securing obligation of $55,000.00, real property situated within King County; real property sold at trustee's sale, 7 June 2013.

♦ Deed of Trust dated 31 May 2005, grantor Doug Lybeck and Betty Lybeck, beneficiary Ritchie Group (TIC), allegedly securing obligation of $ 225,000.00, real property situated within Snohomish County; real property sold at trustee's sale;

♦ Deed of Trust dated 11 August 2007, grantor Doug Lybeck and Betty Lybeck, beneficiary Ritchie Group (TIC), allegedly securing obligation of $ 225,000.00, real property situated within Snohomish County; real property sold at trustee's sale;

♦ Deed of Trust dated 29 August 2007, grantor Doug Lybeck and Betty Lybeck, beneficiary Noser Group (TIC), allegedly securing obligation of $ 225,000.00, real property situated within Snohomish County; real property sold at trustee's sale;

♦ Deed of Trust dated 15 February 2007, grantor Stephen Brombach and Karen Brombach, beneficiary Ritchie Group (TIC), allegedly securing obligation of $110,000.00, real property situated within Snohomish County; real property sold at trustee's sale;

Plaintiffs allege that The Ritchie Defendants' activities alleged herein above evidence a form of a *modus operandi* and a form of a signature crime constituting extortionate and coercive conduct resulting in wrongfully and criminally obtaining the interests in the real properties specifically identified herein above. Plaintiffs furthermore allege that this demonstrated criminal conduct evidences both continuity

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.]

and relatedness for purposes of establishing plaintiffs' RICO § 1961(5) pattern of racketeering activity, and evidencing the injuries and damages sustained by these real property owner victims.  Plaintiffs allege furthermore that said activities constitute other bad acts, crimes, and wrongs for purposes of Federal  Rules  of Evidence 404(b).

## [RICO 18 United States Code § 1961(4) Enterprise]

26.    Plaintiffs allege that RICO defendants, and other persons acting in concert with RICO defendants unknown to plaintiffs, were employed by and associated with others, and engaged in conduct constituting a RICO §1961(5) pattern of racketeering activity.  Plaintiffs further more allege that said RICO defendants were knowledgeable and aware of the criminal activities  those RICO defendants and others acting in   concert   therewith were engaged therein through the RICO enterprises identified herein.

27.    Plaintiffs allege that each of the following configurations, for  purposes of plaintiffs' RICO § 1962©, primary and substantive claim, constitute a RICO § 1961(4) 'enterprise' as that term is defined pursuant to Title 18 United States Code § 1961(4) and within the strictures of *Boyle v. United States*, 129 S. Ct. 2237 (2009) and *Odom v. Microsoft Corp*., 486 F.3d 541 (9th Cir. 2007)(en banc).

28.    Plaintiffs allege, that in conducting the business and affairs of the RICO enterprises   specifically identified for purposes of plaintiffs' substantive RICO § 1962© claims for relief, committing the acts, omissions, misrepresentations, and breaches referred to herein between  2016, and continuing up through and including the initiation of these proceedings, RICO defendants engaged in a RICO pattern  of

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.]

19

racketeering activity in contravention of RICO § 1962© inasmuch as said RICO defendants, and RICO persons unknown to plaintiffs were employed by and/or associated  with said RICO enterprises that were engaged in activities that affect federal interstate and/or foreign commerce, and conducted such RICO enterprise affairs by and through a RICO pattern of racketeering activity.

### *[RICO Recovery]*

29.     Plaintiffs are entitled to recover, pursuant to Title 18 United States Code § 1964©, treble damages in an amount to be determined by offer of proof at time of trial.  Plaintiffs are also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities proximately caused by RICO defendants committed in furtherance of contravention of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C.  §§ 1961, et.seq.].

///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.]

1

*SECOND  CLAIM FOR RELIEF*

2

*[For Commission of RICO Aiding and Abetting RICO § 1962© Primary and*

3

*Substantive Contravention of the Racketeer Influenced and Corrupt*

4

*Organization Act of 1970 ["RICO"][Title 18 United States Code § 1962©]*

5

[Against All Defendants]

6      30.     For Plaintiffs' Second Claim for Relief, plaintiffs reallege and

7   incorporates  Paragraphs 1 through 21, and each and every claim for relief under the

8   federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"]Title

9   18 U.S.C. §§ 1961, et.seq.].

10     31.     Plaintiffs allege that the RICO defendants employed the federal mails

11   and/or federal interstate wires, as well as engaged in the commission of federal

12   racketeering activity of  federal bankruptcy fraud and federal extortion, to aid and

13   abet the primary substantive RICO § 1962© contraventions committed as alleged

14   herein.

15     32.     Plaintiffs allege that RICO defendants:  (1) were associated with the

16   feloniously criminal and wrongful conduct; (2) were knowledgeable and aware of the

17   commission of the substantive RICO contraventions committed; (3) participated in

18   it with the intent to bring it about;  (4)  sought by defendants' actions to facilitate and

19   further its success; and (5)  substantially assisted in the commission of the substantive

20   RICO contraventions committed by other RICO co-defendants.

21                     *[RICO Recovery]*

22     33.     Plaintiffs are entitled to recover, pursuant to Title 18 United States Code

23   § 1964©, treble damages in an amount to be determined by offer of proof at time of

24   trial.  Plaintiffs are also entitled to recover attorneys' fees and costs of this litigation,

25   pursuant to the Racketeer Influenced and Corrupt Organizations Act of 1970

26   ["RICO"][Title 18 U.S.C.  §§ 1961, et.seq.].

27   *///*

28

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
     OF 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.]

1

*THIRD  CLAIM FOR RELIEF*

2

*[For Commission of  Respondeat Superior Contravention of RICO § 1962© of*

3

*the Racketeer Influenced and Corrupt Organization Act of 1970*

4

*["RICO"][Title 18 United States Code § 1962©]*

5

[Against The Ritchie Group (TIC)  and The Spinnell Group (TIC) , Only]

6

     34.   For Plaintiffs' Third Claim for Relief, plaintiffs reallege and incorporates

7

Paragraphs 1 through 21, and each and every claim for relief under the federal

8

Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"]Title 18

9

U.S.C. §§ 1961, et.seq.].

10

     35.   Plaintiffs allege that during all times  material herein John G.  Ritchie

11

and Gary J.  Krohn,  and  various individuals and persons functioned and served in

12

the capacities of agent, employee, director, designee, officer, representative, manager,

13

supervisor, employee, and/or servant upon behalf The Ritchie Group (TIC)and The

14

Spinnell  Group (TIC) engaged in the feloniously criminal conduct alleged herein in

15

such representative capacities, and that as proximate result thereof, The Ritchie

16

Group (TIC) and The Spinnell Group (TIC)  derived a benefit thereby.

17

     36.   Plaintiffs allege that The Ritchie Group (TIC) and The Spinnell Gro

18

(TIC) up  are managed, owned, controlled, and operated by John G.  Ritchie, and

19

therefore  are  engaged  therein  and  participate  within  and  conduct  therein  the

20

management, the affairs,  and the operation of  The Ritchie Group (TIC) and The

21

Spinnell Group (TIC).

22

     37.   Plaintiffs allege that the commission of the feloniously criminal conduct

23

of The Ritchie Group (TIC) and The Spinnell Group (TIC),  arose within the course

24

and scope of the employ and/or agency with John G.  Ritchie.

25

     38.   Plaintiffs allege that as a direct and proximate cause and result thereof,

26

The Ritchie Group (TIC)  and The Spinnell Group (TIC),  are  vicariously and

27

derivatively liable for contravening RICO § 1962©.

28

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
OF 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.]

39.     Plaintiffs allege that The Ritchie Group (TIC)  and The Spinnell Group (TIC) , ratified, authorized, acquiesced, and/or consented to the feloniously criminal conduct committed by John G.  Ritchie,  thereby  proximately causing injuries to plaintiffs' interests in business and/or property by reason of violation of RICO  § 1962©.

*[RICO Recovery]*

40.     Plaintiffs are entitled to recover, pursuant to Title 18 United States Code § 1964©, treble damages in an amount to be determined by offer of proof at time of trial.  Plaintiffs are also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities proximately caused by RICO defendants committed in furtherance of contravention of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C.  §§ 1961, et.seq.].

///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.]

1

*FOURTH  CLAIM FOR RELIEF*

2

*[For Commission of RICO Aiding and Abetting RICO § 1962(d) Conspiracy*

3

*Contravention of RICO § 1962© of the Racketeer Influenced and Corrupt*

4

*Organization Act of 1970[“RICO”][Title 18 United States Code § 1962©]*

5

*[RE: RICO § 1962(d)\Pinkerton Doctrine]*

6

*[RE: Pinkerton v. United States, 328 U.S. 640 (1946)*

7

*and*

8

*Salinas v. United States, 522 U.S. 52 (1997)]*

9

[Against All Defendants]

10      41.    For Plaintiffs' Fourth Claim for Relief, plaintiffs reallege and

11   incorporates  Paragraphs 1 through 21, and each and every claim for relief under the

12   federal Racketeer Influenced and Corrupt Organizations Act of 1970 [“RICO”]Title

13   18 U.S.C. §§ 1961, et.seq.].

14      42.    Plaintiffs allege that the RICO defendants employed the federal mails

15   and/or federal interstate wires, as well as engaged in the commission of bankruptcy

16   fraud and extortion, to aid and abet the substantive primary RICO § 1962©

17   contraventions committed as alleged herein.

18      *[RICO Conspiratorial Liability – Mediate Causation Contentions]*

19      43.    Plaintiffs allege that the RICO defendants' actions are deemed to

20   constitute mediate causation resulting thereby with the exertion of some causal effect

21   upon other RICO defendants' conduct by virtue of the affiliating with one another for

22   criminal purposes.  Plaintiffs allege that such criminal affiliation constitutes a

23   voluntary act committed with a culpable ***mens rea*** that causes a societal harm and

24   concomitant social injury.  Plaintiffs allege that in January, 2017, Foltz and Town or

25   Country materially aided and abetted the RICO § 1962d) conspiracy by agreeing with

26   Ritchie, The Ritchie Group (TIC), The Spinnell Group (TIC), and Krohn to

27   affirmatively act upon behalf of the RICO § 1962d) co-conspirators by engaging in

28

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
OF 1970 [“RICO”][Title 18 U.S.C. §§ 1961 et.seq.]

24

the coercive and extortionate conduct alleged herein above to facilitate and further in accomplishing the objective of the RICO § 1962(d) conspiracy to injure and damage the interests of plaintiffs in their property.

44.     Plaintiffs allege that the RICO defendants' conduct constituted RICO aiding and abetting a RICO § 1962(d) conspiracy inasmuch as RICO defendants were:

A.     associated with a criminal venture as alleged herein;

B.     that the RICO defendants participated in the criminal venture as something the RICO defendants wished to bring about; and,

C.     that the RICO defendants sought by their actions to make it succeed.

45.     Plaintiffs allege that RICO defendants:  (1) were associated with the feloniously criminal and wrongful conduct; (2) were knowledgeable and aware of the commission of the substantive RICO contraventions committed; (3) participated in it with the intent to bring it about;  (4)  sought by defendants' actions to facilitate and further its success; and (5)  substantially assisted in the commission of the substantive RICO contraventions committed by other RICO co-defendants.

46.     Plaintiffs allege that the RICO defendants aided and abetted a RICO § 1962(d) conspiracy between said RICO defendants to contravene RICO § 1962© to injure plaintiffs' interests in business and/or property.

47.     Plaintiffs allege that the defendants are conspiratorially liable under application of the *Pinkerton* Doctrine [*Pinkerton v. United States*, 328 U.S. 640 (1946) and *Salinas v. United States*, 522 U.S. 52 (1997)] for the substantive primary RICO § 1962© contraventions committed by RICO defendants inasmuch as:

A.     Defendants engaged in the criminal activities that constitute the RICO § 1961(5) pattern of racketeering activity;

B.     Defendants are members of the RICO § 1962(d) conspiracy

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.]

1    designed and intended to contravene RICO § 1962©;

2    C.    Defendants engaged in activities in furtherance of advancing and

3    promoting the RICO § 1962(d) conspiracy designed and intended

4    to contravene RICO § 1962©;

5    D.    Defendants are members of the RICO § 1962(d) conspiracy at and

6    during the time frame the criminal activities were committed that

7    constitute the RICO § 1961(5) pattern of racketeering activity;

8    and,

9    E.    The offense fell within the scope of the unlawful agreement and

10    could reasonably have been foreseen to be a necessary or natural

11    consequence of the unlawful agreement.

12

13    **[RICO Recovery]**

14

15    48.    Plaintiffs are entitled to recover, pursuant to Title 18 United States Code

16    § 1964©, treble damages in an amount to be determined by offer of proof at time of

17    trial. Plaintiffs are also entitled to recover attorneys' fees and costs of this litigation,

18    as well as damages arising from lost profits and/or lost business opportunities

19    proximately caused by RICO defendants committed in furtherance of contravention

20    of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title

21    18 U.S.C. §§ 1961, et.seq.].

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28

*FIFTH  CLAIM FOR RELIEF*

*[For Commission of RICO § 1962(d) Conspiracy Contravention of Primary and*

*Substantive RICO § 1962© of the Racketeer Influenced and Corrupt*

*Organization Act of 1970 ["RICO"][Title 18 United States Code § 1962©]*

*[RE: RICO § 1962(d)\Pinkerton Doctrine]*

*[RE: Pinkerton v. United States, 328 U.S. 640 (1946)*

*and*

*Salinas v. United States, 522 U.S. 52 (1997)]*

[Against All Defendants]

49.    For Plaintiffs' Fifth    Claim   for   Relief, plaintiffs reallege and incorporates Paragraphs 1 through 21, and each and every claim for relief under the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"]Title 18 U.S.C. §§ 1961, et.seq.].

*[RICO Conspiratorial Liability – Mediate Causation Contentions]*

50.    Plaintiffs allege that commencing in  2016, and during and continuing at all times material herein thereafter, RICO defendants mutually agreed to engage in the aforementioned racketeering activities and/or criminal conduct giving rise to the RICO § 1962© contraventions.  Plaintiffs allege that the conspiratorial objective of that mutual agreement was intended and designed to destroy, injure, and damage plaintiffs' interests in business and/or property, and that such conspiratorial conduct constitutes contravention of RICO § 1962(d).

51.    Plaintiffs allege that the RICO defendants' actions are deemed to constitute mediate causation resulting thereby with the exertion of some causal effect upon other RICO defendants' conduct by virtue of the affiliating with one another for criminal purposes.  Plaintiffs allege that such criminal affiliation constitutes a voluntary act committed with a culpable ***mens rea*** that causes a societal harm and concomitant social injury.

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.]

27

52.     Plaintiffs allege that the RICO defendants' conduct constituted RICO aiding and abetting a RICO § 1962(d) conspiracy inasmuch as RICO defendants were:

A.     associated with a criminal venture as alleged herein;

B.     that the RICO defendants participated in the criminal venture as something the RICO defendants wished to bring about; and,

C.     that the RICO defendants sought by their actions to make the criminal venture succeed.

53.     Plaintiffs allege that RICO defendants:  (1) were associated with the feloniously criminal and wrongful conduct; (2) were knowledgeable and aware of the commission of the substantive RICO contraventions committed; (3) participated in it with the intent to bring it about;  (4)  sought by defendants' actions to facilitate and further its success; and (5) substantially assisted in the commission of the substantive RICO contraventions committed by other RICO co-defendants.

54.     Plaintiffs allege that the RICO defendants aided and abetted a RICO § 1962(d) conspiracy between said RICO defendants to contravene RICO § 1962© to injure plaintiffs' interests in business and/or property.

55.     Plaintiffs allege that the defendants are conspiratorially liable under application of the ***Pinkerton*** Doctrine [***Pinkerton v. United States***, 328 U.S. 640 (1946) and ***Salinas v. United States***, 522 U.S. 52 (1997)] for the substantive RICO § 1962© contraventions committed by RICO defendants inasmuch as:

A.     Defendants engaged in the criminal activities that constitute the RICO § 1961(5) pattern of racketeering activity;

B.     Defendants are members of the RICO § 1962(d) conspiracy designed and intended to contravene RICO § 1962©;

C.     Defendants engaged in activities in furtherance of advancing and promoting the RICO § 1962(d) conspiracy designed and intended

to contravene RICO § 1962©;

D.  Defendants are members of the RICO § 1962(d) conspiracy at and during the time frame the criminal activities were committed that constitute the RICO § 1961(5) pattern of racketeering activity; and,

E.  The offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

## *[RICO Recovery]*

56.  Plaintiffs are entitled to recover, pursuant to Title 18 United States Code § 1964©, treble damages in an amount to be determined by offer of proof at time of trial.  Plaintiffs are also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities proximately caused by RICO defendants committed in furtherance of contravention of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C.  §§ 1961, et.seq.].

///
///
///
///
///
///
///
///
///

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.]

*SIXTH  CLAIM FOR RELIEF*

*[For Commission of RICO § 1962(d) Conspiracy Contravention of RICO §*

*1962© of the Racketeer Influenced and Corrupt Organization Act of 1970*

*["RICO"][Title 18 United States Code § 1962©]*

*[RE: RICO § 1962(d) Conspiracy to Commit RICO Aiding and Abetting RICO §*

*1962©] [RE: RICO § 1962(d)\Pinkerton Doctrine]*

*[RE: Pinkerton v. United States, 328 U.S. 640 (1946)*

*and Salinas v. United States, 522 U.S. 52 (1997)]*

[Against All Defendants]

57.    For Plaintiffs' Sixth Claim   for Relief, plaintiffs reallege and incorporates Paragraphs 1 through 21, and each and every claim for relief under the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"]Title 18 U.S.C. §§ 1961, et.seq.].

*[RICO Conspiratorial Liability – Mediate Causation Contentions]*

58.    Plaintiffs allege that commencing in  2016, and during and continuing at all times material herein thereafter, RICO defendants mutually agreed to engage in the aforementioned racketeering activities and/or criminal conduct giving rise to the RICO § 1962© contraventions.  Plaintiffs allege that the conspiratorial objective of that mutual agreement was intended and designed to destroy, injure, and damage plaintiffs' interests in business and/or property, and that such conspiratorial conduct constitutes contravention of RICO § 1962(d).

59.    Plaintiffs allege that the RICO defendants' actions are deemed to constitute mediate causation resulting thereby with the exertion of some causal effect upon other RICO defendants' conduct by virtue of the affiliating with one another for criminal purposes.  Plaintiffs allege that such criminal affiliation constitutes a voluntary act committed with a culpable ***mens rea*** that causes a societal harm and concomitant social injury. Plaintiffs allege that The Ritchie Group (TIC), The Spinell

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.]

1   (TIC), Ritchie, and Krohn conspired to materially aid and abet the coercive and
2   extortionate conduct committed by Foltz and Town or Country as alleged herein.

3       60.    Plaintiffs allege that the defendants are conspiratorially liable under
4   application of the *Pinkerton* Doctrine [*Pinkerton v. United States*, 328 U.S. 640
5   (1946) and *Salinas v. United States*, 522 U.S. 52 (1997)] for conspiracy to commit
6   RICO aiding and abetting of the substantive primary RICO § 1962© contraventions
7   committed by RICO defendants inasmuch as:

8              A.    Defendants engaged in the criminal activities that constitute the
9                    RICO § 1961(5) pattern of racketeering activity;
10             B.    Defendants are members of the RICO § 1962(d) conspiracy
11                   designed and intended to contravene RICO § 1962©;
12             C.    Defendants engaged in activities in furtherance of advancing and
13                   promoting the RICO § 1962(d) conspiracy designed and intended
14                   to contravene RICO § 1962©;
15             D.    Defendants are members of the RICO § 1962(d) conspiracy at and
16                   during the time frame the criminal activities were committed that
17                   constitute the RICO § 1961(5) pattern of racketeering activity;
18                   and,
19             E.    The offense fell within the scope of the unlawful agreement and
20                   could reasonably have been foreseen to be a necessary or natural
21                   consequence of the unlawful agreement.
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28
     COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
31   OF 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.]

*[RICO Recovery]*

61.     Plaintiffs are entitled to recover, pursuant to Title 18 United States Code § 1964©, treble damages in an amount to be determined by offer of proof at time of trial.  Plaintiffs are also entitled to recover attorneys' fees and costs of this litigation, as well as damages arising from lost profits and/or lost business opportunities proximately caused by RICO defendants committed in furtherance of contravention of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C.  §§ 1961, et.seq.].

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VI.

## PRAYER

**WHEREFORE**, plaintiffs Jed W. Whitley and Deborah K. Whitley, both individually and upon behalf of their community property marital estate, pray for entry of judgment against defendants, and each and every one of these defendants, jointly and severally, as follows:

1.      For entry of judgment of compensatory damages, according to offer of proof at time of trial, arising from contravention of RICO §§ 1962© and (d) of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. §§ 1962© and (d)], trebled pursuant to RICO § 1964©, of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. § 1964©];

2.      For entry of judgment and an award of attorneys' fees, costs, and expenses arising from judgment entered upon finding of contravention of RICO §§ 1962© and (d) pursuant to RICO § 1964© of the Racketeer Influenced and Corrupt Organizations Act of 1970 ["RICO"][Title 18 U.S.C. § 1964©]; and,

///

///

///

///

///

///

///

///

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.]

33

3.     For such further and other relief as this Honourable Court deems just, equitable, and proper in the premises.

***Respectfully presented,***

Dated: 1 May 2017.

DEAN BROWNING WEBB
ATTORNEY and COUNSELOR AT LAW

By: ***/s/ Dean Browning Webb***
DEAN BROWNING WEBB, ESQ. WSBA # 10735
ATTORNEY and COUNSELOR AT LAW
515 EAST 39TH STREET
VANCOUVER, WA 98663-2240
TELEPHONE: [253] 686-5111
ELECTRONIC MAILING ADDRESS:
Ricoman1968@aol.com

ATTORNEYS FOR PLAINTIFFS:

Jed W. Whitley and Deborah K. Whitley, both individually and upon behalf of their community property marital estate

///

///

///

///

///

///

///

///

///

///

///

///

///

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT OF 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.]

34

1

*VII.*

2

*DEMAND FOR TRIAL BY JURY*

3

*PURSUANT TO THE SEVENTH AMENDMENT*

4

*OF THE CONSTITUTION OF THE  UNITED STATES OF AMERICA*

5
Plaintiffs Jed W. Whitley and Deborah K. Whitley, both individually and upon

6
behalf of their community property marital estate, hereby demand that this cause be

7
tried before a jury pursuant to the Seventh Amendment of the Constitution of the

8
United States of America (Amend VII of the Constitution of the United States of

9
America),  Rule 38(b) of the Federal Rules of Civil Procedure, and Local Civil Rule

10
38.1 of the Local Civil Rules of the United States District Court for the Western

11
District of Washington.

12
*Respectfully  presented,*

13
Dated: 1 May 2017.

14
DEAN BROWNING WEBB
ATTORNEY and COUNSELOR AT LAW

15

16
By: */s/ Dean Browning Webb*
DEAN BROWNING WEBB, ESQ. WSBA # 10735
ATTORNEY and COUNSELOR AT LAW

17
515 EAST 39TH STREET
VANCOUVER, WA 98663-2240

18
TELEPHONE: [253] 686-5111
ELECTRONIC MAILING ADDRESS:

19
Ricoman1968@aol.com

20
ATTORNEYS FOR PLAINTIFFS:

21
Jed W. Whitley and Deborah K. Whitley, both

22
individually and upon behalf of their community
property marital estate

23

24

25

26

27

28

COMPLAINT- RACKETEER INFLUENCED and CORRUPT ORGANIZATIONS ACT
OF 1970 ["RICO"][Title 18 U.S.C. §§ 1961 et.seq.]