UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
JED W. WHITLEY, *et al.*,                        )
)          Case No. C17-0673RSL
                        Plaintiffs,              )
)
        v.                                       )
)          ORDER GRANTING THE RITCHIE
THE RITCHIE GROUP, *et al.*,                     )          DEFENDANTS' MOTION FOR
)          SUMMARY JUDGMENT
                        Defendant.               )
_____)

        This matter comes before the Court on a motion for summary judgment filed by

defendants John Ritchie (on behalf of himself, his spouse, and the marital community comprised

thereof), the Ritchie Group, and the Spinnell Group (hereinafter, "the Ritchie defendants"). Dkt.

# 48. Plaintiffs, the owners of real property in Stanwood,[1] Washington, filed this lawsuit against

the lender, the Ritchie defendants, when they took steps to foreclose on a loan under the Deed of

Trust Act. Plaintiffs accuse the Ritchie defendants, the successor trustee, and various other

persons of violating the Racketeer Influenced and Corrupt Organization Act of 1970 ("RICO").

With regards to the Ritchie defendants, the allegation is that they fabricated a deed of trust for a

_____

[1] The real property is described in the property records as:

        Lots 11 and 12, Block 23, C.D. Hillman's Birmingham Water Front Addition to
        the City of Everett Division No. 1, according to the plat thereof recorded in
        volume 8 of plats, pages 21 to 23, inclusive, records of Snohomish County, State
        of Washington.

non-existent $350,000 loan and caused the successor trustee to initiate non-judicial foreclosure proceedings under the deed of trust, thereby clouding plaintiffs' title and causing damage. The Ritchie defendants seek summary judgment on all of the claims asserted against them.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." Krechman v. County of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013). Although the Court must reserve for the jury genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1049 (9th Cir. 2014); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. S. Cal. Darts Ass'n v. Zaffina, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor. FreecycleSunnyvale v. Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010).

Despite the well-known standards set forth above, plaintiffs' opposition memorandum is nothing more than a mini-treatise on the elements of and case law interpreting RICO punctuated

by occasional footnotes indicating that "the Whitleys argue" or "the Whitleys allege." <u>See</u>, <u>e.g.</u>, Dkt. # 33 at 15. Counsel does not deign to include a fact section in the memorandum, much less identify the underlying evidence that supports the (absent) factual assertions. Instead, counsel relies solely on the allegations of the complaint and non-specific references to three declarations.[2] The allegations of the complaint are not, of course, evidence and will not forestall summary judgment where the allegations are controverted. Nor is the filing of a stack of uncited declarations and documents sufficient to establish a genuine issue of material fact. Rule 56(c) specifically requires a party asserting that a fact is in dispute to support that assertion by "citing to particular parts of materials in the record . . . ." The Court need not, and will not, scour the hundreds of pages plaintiffs submitted in search of a material and triable issue of fact. <u>Keenan v. Allan</u>, 91 F.3d 1275, 1279 (9th Cir. 1996); <u>White v. McDonnell Douglas Corp.</u>, 904 F.2d 456, 458 (8th Cir. 1990) (the court need not "speculate on which portion of the record the nonmoving party relies, nor is it obliged to wade through and search the entire record for some specific facts that might support the nonmoving party's claim").

Because this case involves plaintiffs' residence, the Court has nevertheless reviewed the declarations submitted to determine whether there is evidence from which a reasonable jury could find that the Ritchie defendants acted with fraudulent intent in connection with plaintiffs' loan and/or whether plaintiffs have suffered cognizable damage. There is not. By all accounts, plaintiffs borrowed, and the Ritchie defendants loaned, $80,000 as indicated on the relevant promissory notes and in correspondence between the parties. The parties intended that the debt be secured by the Stanwood property. Neither party intended the associated deed of trust to reference a $350,000 promissory note dated September 5, 2006 -- if such a document exists

---

[2] Each of the three declarations incorporates by reference prior submissions from the witnesses. Counsel also provides his own declaration at Dkt. # 53. It is not, however, cited or referenced anywhere in the opposition memorandum, and it is unclear how consumer complaints filed on the Whitley's behalf establish or are relevant to any element of the RICO claims asserted in this litigation.

somewhere, it is not between these parties. While it is true that the Ritchie defendants caused the erroneous deed of trust to be generated, it is also true that plaintiffs signed the erroneous deed of trust despite noting the error. More importantly, both parties have consistently maintained that the principal amount of the loan is $80,000 as reflected in the promissory notes,[3] and the escrow agent has now corrected the scrivener's error. There is not even the faintest inference that the Ritchie defendants participated in an artifice or scheme to defraud plaintiffs or to collect anything more than what they were actually owed using the procedures set forth in state law. Nor have plaintiffs established damages arising from the recording of an incorrect deed of trust or the prospect of having to pay back the money they borrowed (or turn over the collateral that secured the debt).

//

//

//

---

[3] The one instance in which the Ritchie defendants reported that there was a $350,000 deed of trust lien on the Stanwood property was in a motion for relief from the bankruptcy stay. Dkt. # 34-12 at 3. Whether such a statement was material or could be construed as fraud on the bankruptcy court is doubtful given that plaintiffs had no equity in the property whether the lien was $350,000 or $80,000. Regardless, a fraud on the bankruptcy court is not the equivalent of a fraud on plaintiffs. As is shown by the remainder of the bankruptcy record, plaintiffs were well aware that they had an outstanding principal of $80,000 that was secured by the Stanwood property, and the Ritchie defendants readily agreed to that fact. See, e.g., Dkt. # 34-14 at 12. Any confusion caused by the reference to a $350,000 secured loan in the motion was put to rest when Ritchie unequivocally declared in reply that he is owed $80,000 in principal, that he has never alleged or claimed that he was owed $350,000, and that the reference in the deed of trust was a typo or scrivener's error. Dkt. # 16-17 at 2.

ORDER GRANTING THE RITCHIE DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT          -4-

1    For all of the foregoing reasons, plaintiffs have failed to raise a genuine issue of fact

2    regarding the Ritchie defendants' liability under RICO.[4] The motion is therefore GRANTED and

3    the claims against the Ritchie defendants are DISMISSED.

4

5    Dated this 24th day of October, 2017.

6                                        _MW S Lasnik_____
                                        Robert S. Lasnik
7                                        United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23    _____

24        [4] In the declarations submitted by plaintiffs, they and their witnesses state facts which may (or
      may not) support a claim that the Ritchie defendants violated the Deed of Trust Act, failed to comply
25    with state licensing requirements, and/or used unusual mechanisms to record the loans. No such claims
      have been asserted, however. The only basis for liability alleged in the complaint is RICO.
26

ORDER GRANTING THE RITCHIE DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT            -5-