UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JED W. WHITLEY, *et al.*,

          Plaintiffs,

    v.

THE RITCHIE GROUP, *et al.*,

          Defendant.

Case No. C17-0673RSL

ORDER GRANTING DEFENDANT KROHN'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on "Defendant Gary J. Krohn's Motion for Summary Judgment." Dkt. # 15. Plaintiffs, the owners of real property in Stanwood,[1] Washington, filed this lawsuit against the successor trustee, Krohn, when he attempted to foreclose on a loan under the Deed of Trust Act. Plaintiffs accuse Krohn, the lender, and various other persons of violating the Racketeer Influenced and Corrupt Organization Act of 1970 ("RICO"). With regards to Krohn, the allegation is that he attempted to enforce a fabricated deed of trust for a non-existent $350,000 loan, thereby clouding plaintiffs' title and causing damage. Krohn seeks summary judgment on all of the claims asserted against him.

---

[1] The real property is described in the property records as:

    Lots 11 and 12, Block 23, C.D. Hillman's Birmingham Water Front Addition to the City of Everett Division No. 1, according to the plat thereof recorded in volume 8 of plats, pages 21 to 23, inclusive, records of Snohomish County, State of Washington.

ORDER GRANTING DEFENDANT KROHN'S
MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." Krechman v. County of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013). Although the Court must reserve for the jury genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1049 (9th Cir. 2014); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. S. Cal. Darts Ass'n v. Zaffina, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor. FreecycleSunnyvale v. Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010).

Despite the well-known standards set forth above, plaintiffs' opposition memorandum is nothing more than a mini-treatise on the elements of and case law interpreting RICO punctuated by occasional footnotes indicating that "the Whitleys argue" or "the Whitleys allege." See, e.g., Dkt. # 33 at 15. Counsel does not deign to include a fact section in the memorandum, much less identify the underlying evidence that supports the (absent) factual assertions. Instead, counsel

relies solely on the allegations of the complaint and non-specific references to three declarations. The allegations of the complaint are not, of course, evidence and will not forestall summary judgment where the allegations are controverted. Nor is the filing of a stack of uncited documents sufficient to establish a genuine issue of material fact. Rule 56(c) specifically requires a party asserting that a fact is in dispute to support that assertion by "citing to particular parts of materials in the record . . . ." The Court need not, and will not, scour the 385 pages plaintiffs submitted in search of a material and triable issue of fact. Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996); White v. McDonnell Douglas Corp., 904 F.2d 456, 458 (8th Cir. 1990) (the court need not "speculate on which portion of the record the nonmoving party relies, nor is it obliged to wade through and search the entire record for some specific facts that might support the nonmoving party's claim").

Because this case involves plaintiffs' residence, the Court has nevertheless reviewed the declarations submitted to determine whether there is evidence from which a reasonable jury could find that Krohn acted with fraudulent intent in connection with plaintiffs' loan and/or whether plaintiffs have suffered cognizable damage. There is not. Krohn was not involved in the drafting, signing, or recording of the 2013 deed of trust. Every document that Krohn mailed, posted, and/or recorded in connection with the non-judicial foreclosure process after he was appointed as successor trustee identified the principal amount of the underlying loan as $80,000. There is not even the faintest inference that Krohn participated in an artifice or scheme to defraud plaintiffs or to collect anything more than what was actually owed to the lender.[2] Nor

---

[2] The one instance in which Krohn reported that there was a $350,000 deed of trust lien on the Stanwood property was in a motion for relief from the bankruptcy stay. Dkt. # 34-12 at 3. Whether such a statement was material or could be construed as fraud on the bankruptcy court is doubtful given that plaintiffs had no equity in the property whether the lien was $350,000 or $80,000. Regardless, a fraud on the bankruptcy court is not the equivalent of a fraud on plaintiffs. As is shown by the remainder of the bankruptcy record, plaintiffs were well aware that they had an outstanding principal of $80,000 that was secured by the Stanwood property. See, e.g., Dkt. # 34-14 at 12. Any confusion caused by the

ORDER GRANTING DEFENDANT KROHN'S
MOTION FOR SUMMARY JUDGMENT          -3-

have plaintiffs established damages arising from the recording of an incorrect deed of trust or the prospect of having to pay back the money they borrowed (or turn over the collateral that secured the debt).

For all of the foregoing reasons, plaintiffs have failed to raise a genuine issue of fact regarding Krohn's liability under RICO.[3] The motion is therefore GRANTED and the claims against Krohn are DISMISSED.

Dated this 25th day of October, 2017.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

reference to a $350,000 secured loan in the motion was put to rest when the lender unequivocally declared in reply that he is owed $80,000 in principal, that he has never alleged or claimed that he was owed $350,000, and that the reference in the deed of trust was a typo or scrivener's error. Dkt. # 16-17 at 2.

[3] In the declarations submitted by plaintiffs, they and their witness state facts which may (or may not) support a claim that Krohn violated the Deed of Trust Act or that the lender failed to comply with state licensing requirements or used unusual mechanisms to record the loans. No such claims have been asserted, however. The only basis for liability alleged in the complaint is RICO.

ORDER GRANTING DEFENDANT KROHN'S
MOTION FOR SUMMARY JUDGMENT        -4-